UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| ELLIOT YASEN LAWRENCE ROSS WILLIAMS | CIVIL ACTION NO. 23-1486-P |
| VERSUS | JUDGE DOUGHTY |
| JILLIAN C. WHITTINGTON, ET AL. | MAGISTRATE JUDGE HORNSBY |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Elliot Yasen Lawrence Ross Williams ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on October 18, 2023. Plaintiff is currently incarcerated at the Eastern Louisiana Mental Health System in Jackson, Louisiana. He claims his civil rights were violated by prison officials while incarcerated at the Bossier Maximum Security Center in Plain Dealing, Louisiana. Plaintiff names Jillian C. Whittington, Captain Chavis, Lt. Bowen, the Bossier Max Facility Medical Division, Molli Lyles, the MK Ultra Program, and Unknown Sheriff Deputies as Defendants.

Plaintiff was ordered on November 16, 2023, to file, within 30 days of the service of the order, an amended complaint (Doc. 4). By a letter postmarked December 19, 2023 and received in this court on December 21, 2023, Plaintiff updated his address from the Bossier Maximum Security Center to the Eastern Louisiana Mental System (Doc. 5). On

January 3, 2023, the Clerk of Court resent the November 16, 2023 Memorandum Order to Amend to Plaintiff's new address. To date, Plaintiff has not filed an amended complaint.

Accordingly;

**IT IS RECOMMENDED** that this complaint be **DISMISSED WITHOUT PREJUDICE**, sua sponte, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the court and under the court's inherent power to control its own docket. See Link v. Wabash Railroad Company, 370 U.S. 626, 82 S.Ct. 1386 (1962); Rogers v. Kroger Company, 669 F.2d 317, 320-321 (5th Cir. 1982).

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this 9th day of February 2024.

Mark L. Hornsby
U.S. Magistrate Judge